**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 17-2122

———————

THOMAS JAMES CLAUSO,
                                             Appellant

v.

JUDGE SOLOMON; JOAN SPADEA, ESQ., Ex Prosecutor; EX-JUDGE
FLUHEARTY, And His Estate; NANCY JANE HOLLOWAY, and Estate; PATRICIA
EGAN JONES, Surrogates Court; GEORGE STILLWELL, Ex Prosecutor; COURIER
POST NEWSPAPER, Staff Editor; GARY M. LANIGAN, Dept. of Corrections,
Commissioner; NEW JERSEY STATE PAROLE BOARD, James T. Plousis, Chairman;
MS. ROBIN C. STACY, ESQ., New Jersey Parole Board

———————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 14-cv-05280)
District Judge:  Honorable John Michael Vazquez

———————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2018

Before: MCKEE, COWEN and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed October 29, 2019)

———————

OPINION[*]

———————

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Thomas Clauso, a New Jersey state prisoner proceeding pro se, appeals from the District Court's dismissal of his complaint. We will affirm the District Court's judgment.

Clauso filed a complaint in August 2014 seeking monetary damages for, inter alia, an allegedly wrongful conviction and sentence. He named as defendants state judges and judicial staff, the Camden County Prosecutor's Office and several of its employees, the New Jersey Parole Board and its Director, the Courier-Post newspaper, and certain private citizens. Many of those defendants filed motions to dismiss. The District Court determined that Clauso's claims were barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994) (holding that § 1983 claims are not cognizable if a judgment in the plaintiff's favor necessarily would imply the invalidity of a conviction or sentence that has not been overturned or otherwise invalidated). By an order entered on June 22, 2015, the District Court dismissed the complaint without prejudice, and afforded Clauso an opportunity to reinstate the matter upon the filing of an amended complaint. Clauso appealed instead, and this Court dismissed the appeal as jurisdictionally defective under 28 U.S.C. § 1291. See C.A. No. 15-2620.

Meanwhile, Clauso filed a motion for an extension of time to file an amended complaint. The District Court granted that request, and an amended complaint raising claims purportedly under the Ku Klux Klan Act of April 20, 1871, 17 Stat. 13, later codified at 42 U.S.C. §§ 1983 and 1985, and civil RICO under 18 U.S.C. § 1962(d), was filed on May 26, 2016. The State defendants and the Courier Post responded with

2

motions to dismiss. In an order entered on April 11, 2017, the District Court granted the Courier Post's motion with prejudice. A subsequent order was entered on April 27, 2017, granting the State defendants' motion as well; that order dismissed some claims with prejudice and some without prejudice. In particular, Clauso's § 1985 claim against defendant Assistant Prosecutor George Stillwell and his § 1983 claims regarding the conditions of confinement in Northern and East Jersey State Prisons (where he was previously confined) were dismissed without prejudice. Once again, the District Court afforded Clauso the opportunity to reopen the proceeding by filing an amended complaint. Clauso instead sought review in this Court, and the appeal was listed for possible jurisdictional dismissal.

Generally, an order that dismisses a complaint without prejudice is neither final nor immediately appealable under 28 U.S.C. § 1291, "because the deficiency may be corrected by the plaintiff without affecting the cause of action." Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976) (per curiam). "Only if the plaintiff cannot amend or declares his intention to stand on his complaint does the order become final and appealable." Id. at 951-52. Clauso chose not to further amend his complaint; he instead appealed and has declared his intention to stand on his complaint. See Frederico v. Home Depot, 507 F.3d 188, 192-93 (3d Cir. 2007) (determining that a plaintiff had elected to stand on her complaint where she did not seek to correct the purported pleading deficiencies, but instead repeatedly asserted that her complaint was sufficient as filed); see also Batoff v. State Farm Ins. Co., 977 F.2d 848, 851 n.5 (3d Cir. 1992) (order

3

becomes final where plaintiff given 30 days to amend complaint, but instead files notice of appeal within that time). Accordingly, we conclude that jurisdiction is proper under § 1291.

We exercise plenary review over the District Court's decision to grant a motion to dismiss pursuant to either Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6). See United States ex rel. Atkinson v. Pa. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007) (Fed. R. Civ. P. 12(b)(1)); Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 246 (3d Cir. 2010) (Fed. R. Civ. P. 12(b)(6)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). When reviewing disposition of a motion to dismiss, we "disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." James v. City of Wilkes-Barre, 700 F.3d 675, 679 (3d Cir. 2012).

Initially we note that, with the exception of his claims against Judge Fluharty, many of Clauso's arguments on appeal are significantly undeveloped. See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp., 119 F.3d 1070, 1076 n.6 (3d Cir. 1997) ("[A]rguments raised in passing . . . are considered waived."). In any event, we find his arguments unavailing and his claims properly subject to dismissal for essentially the reasons set forth by the District Court. Clauso's claims against the New Jersey state judges in their official capacities are barred by judicial immunity. Judges are immune from suit under § 1983 "for monetary damages arising from their judicial acts." Gallas v. Supreme Court

4

of Pa., 211 F.3d 760, 768 (3d Cir. 2000); Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (per curiam) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts."). This holds true even if the action "was in error, was done maliciously, or was in excess of his authority . . . ." Stump v. Sparkman, 435 U.S. 349, 356 (1978).

As for his Fourteenth Amendment due process claim, Clauso could not avoid the significant hurdles of Heck v. Humphrey, and the various immunities raised by defendants (including Eleventh Amendment, judicial, and prosecutorial immunity). A statute of limitations issue warranted dismissal of Clauso's claim against defendant Stillwell, and his alleged Eighth Amendment violation was properly disposed of for the reasons set forth by the District Court in its Memorandum Opinion at pages 17-19. As noted previously, Clauso declined the District Court's willingness to entertain an amended submission correcting the deficiencies with this claim.

Clauso appears to contend that many of these doctrines and defenses should be put aside given the unique circumstances of his case.[1] Clauso points to the alleged "abuse of

---

[1] It appears that Clauso is the biological father of a child for whom a final judgment of adoption was entered in 1972 in a proceeding where the adoptive parents were represented by an attorney who later became a judge of the Superior Court (Judge Fluharty), and who presided over Clauso's criminal trial and sentencing in 1988. Judge Fluharty, who passed away long ago, is the sibling of one of the adoptive parents. At his trial, the jury returned guilty verdicts on a number of charges including attempted murder and weapons offenses. The sentence imposed was life imprisonment with a 25-year parole disqualifier. Clauso states, inter alia, that he did not discover the facts regarding his daughter and Judge Fluharty's role until 2012. They serve as the bases of a counseled motion for a new trial he filed in state court, a motion that apparently remains pending.

process" and judicial misconduct carried out by Judge Fluharty as support for his contention that he should be permitted to litigate the merits of his claims – including an alleged violation of Brady v. Maryland, 373 U.S. 83 (1963) – under the guise of a civil rights complaint. Clauso advocates for this course despite recognizing that the proper mechanism to launch a federal challenge to the legality of his criminal conviction is through the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. While the facts surrounding Clauso's complaint are certainly unusual and troubling, we are not at liberty to simply ignore doctrines like judicial immunity and Heck v. Humphrey at the behest of a litigant who otherwise feels frustrated by the course of his post-conviction state criminal proceedings.

If Clauso believed that the information he discovered in 2012 warranted another federal challenge to his conviction, he was free to seek leave to pursue habeas relief through the filing of an application under 28 U.S.C. § 2244 seeking permission to file a second or successive petition pursuant to 28 U.S.C. § 2254. Clauso was advised by the District Court of the necessity to do so in Clauso v. Warden Northern State Prison, et al., D.N.J. Civ. No. 2-12-cv-03969, and by this Court on appeal in C.A. No. 15-3370. That Clauso may have concluded that he could not satisfy the standard for filing a successive petition under 28 U.S.C. § 2244(b)(2)(B)(ii) does little to open the doors for such a challenge by the filing of the instant civil complaint. Likewise, his criticisms of the District Court's disposition of his § 2254 petition at D.N.J. Civ. No. 2-12-cv-03969

should have been raised in his appeal to this Court docketed at C.A. No. 15-3370, not in a subsequently filed civil complaint filed with the District Court.

We have considered Clauso's remaining arguments and have determined that they are meritless. Accordingly, we will affirm the District Court's order dismissing his complaint.[2]

---

[2] Clauso's letter-motion requesting oral argument and a hearing en banc is denied.